UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Audrey E. Tucker, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DCPS Division of Transportation, )<br>)<br>Defendant. ) | Civil Action No. 10 0688 |

## MEMORANDUM OPINION

Plaintiff Audrey E. Tucker has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed for lack of federal jurisdiction.

The one page complaint states that Tucker is a union member employed by the District of Columbia Public Schools Division of Transportation. Complaint at 1. She identifies her residence as Washington, D.C. *Id.* She asserts that she has been working full-time but receiving part-time benefits. *Id.* Somewhat confusingly, she states that as relief she wants her "full time position back." *Id.* In addition, she seeks all "wages, raises, and step increases" she has "not received." *Id.*

A federal district court is a court of expressly limited jurisdiction. It has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. The allegations in the complaint, however, do not appear to arise under federal law, but instead under District of Columbia employment or contract law. A federal district court also has jurisdiction over civil actions in matters where the controversy is between citizens of different

states and exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, however, the complaint identifies the plaintiff as a resident of the District of Columbia, and identifies the District of Columbia's Public Schools as the defendant, and does not identify an amount in controversy. Therefore, there appears to be no diversity jurisdiction under § 1332(a).

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: *April 26, 2010*

*/s/ Reggie B. Walton*
United States District Judge